IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 1:13-CR-13 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| JAMES DOUGLAS MANRING, | ) | |
| | ) | Hearing Date: April 19, 2013 |
| Defendant. | ) | |

POSITION OF THE UNITED STATES AS TO SENTENCING

The United States has reviewed the Probation Office's presentence report in this matter, and does not dispute the calculation of the Sentencing Guideline range of 168-210 months. The statutory minimum in this case in ten years, and the statutory maximum is twenty years incarceration pursuant to 18 U.S.C. § 2251(e) (1999). As described more fully below, the United States believes that a consideration of the applicable sentencing factors pursuant to 18 U.S.C. § 3553 warrants, at a minimum, a sentence of 210 months incarceration and three years of supervised release.

**BACKGROUND**

From in or about 1985 until in or about 1999, the defendant, MANRING, taught at the Remei Hoikuen School, a pre-school in Japan.  From in or about 1996 through in or about 1999, MANRING filmed himself performing sexual acts on students who were approximately five years of age.  These videos were saved on at least eight DVDs, including:

a.      Disc 1 is approximately 2 hours, 11 minutes and 37 seconds in length.  There are approximately 5 different video segments on the DVD.

1

i.      The first video segment is approximately 11 minutes and 23 seconds in length.  At approximately 3 minutes and 20 seconds and at 5 minutes and 7 seconds MANRING is seen giving fellatio to an unresponsive pre-pubescent boy.  At approximately 8 minutes and 50 seconds MANRING is seen fondling a different pre-pubescent boy. He pulls the boy's pajama bottoms down and is seen fondling the boy's erect penis and scrotum.  At approximately 10 minutes and 50 seconds and 11 minutes and 18 seconds MANRING is seen performing fellatio on the unresponsive pre-pubescent boy.

ii.      The second video segment is approximately 11 minutes and 23 seconds in length and MANRING's hands are seen fondling and stroking 3 different pre-pubescent boys' erect penises.

iii.      The third video is approximately 1 hour, 37 minutes and 28 seconds in length.  The video contains several different segments of MANRING fondling the erect penises and scrotums of unresponsive pre-pubescent boys.  In some video segments several children are shown playing naked and exposing their anuses and vaginas to the video camera operator.

iv.      The fourth video segment is approximately 11 minutes and 23 seconds in length.  At approximately 2 minutes and 45 seconds and 3 minutes and 17 seconds it shows MANRING performing fellatio on a different unresponsive pre-pubescent boy.  Several segments of the video show MANRING fondling the erect penis, buttocks, anus and scrotum of pre-

2

pubescent boys.  Some segments of the video contain pre-pubescent

children playing naked and exposing their genitalia to the camera operator.

b.      Disc 3 is approximately 1 hour, 58 minutes and 6 seconds in length.  There are

approximately 5 different video segments on the DVD.

   i.      The first video segment is approximately 23 minutes and 6 seconds in

length.  Throughout the video segment MANRING's hands are seen

fondling a pre-pubescent female's vagina and anus.  MANRING digitally

penetrates the female's vagina and anus several times.

   ii.      The second video segment is approximately 24 minutes and 5 seconds in

length.  MANRING's hands are shown fondling the same pre-pubescent

female's vagina and anus.  Other parts of the video segment show pre-

pubescent children playing naked inside and outside in a swimming pool.

   iii.      The fourth video segment is approximately 23 minutes and 48 seconds in

length and the fifth video segment is approximately 24 minutes and 7

seconds in length.  Both video segments depict MANRING fondling and

spreading the buttocks open exposing the anus of the pre-pubescent

female.  MANRING is digitally penetrating the female's vagina and

rubbing and fondling her anus.  MANRING is also seen performing

fellatio on an unresponsive pre-pubescent boy.

c.      Disc 4 is approximately 52 minutes and 46 seconds in length.  There are

approximately 3 different video segments on the DVD.

3

i.    In the second video which is approximately 24 minutes and 5 seconds in length MANRING's hands are seen fondling a different pre-pubescent female.  The pre-pubescent female has a distinctive mole on her right side of her vagina.  Several times in the video MANRING is seen with his penis and hands rubbing his penis on her vagina and anus.  MANRING is also pressing his erect penis into the vagina of the pre-pubescent female. The rest of the video segments show MANRING fondling the anus and vagina of the pre-pubescent female.

In all, the videos show MANRING performing sex acts on at least five boys and two girls.  In the scenes in which the children are running around naked, there are at least ten children participating.  All of the children are approximately 5 years of age.

In or around 1999, MANRING returned to the United States.  In the period between in or about 2000 and on or about October 3, 2012 MANRING taught music lessons to children in his home and Japanese rhythm and movement at a preschool in Bethesda, Maryland.

Between in or about April 2010 and in or about February 2011, MANRING purchased approximately 46 'naturist' videos for more than $2,000.  These videos depict the graphic and simulated lascivious exhibition of the genitals and pubic areas of minor boys and were mailed from New York to MANRING's residence in Fredericksburg, Virginia.

The defendant pleaded guilty on January 28, 2013, to the criminal information, containing two counts of production of child pornography, based on the above conduct.

4

## **ARGUMENT**

In *United States v. Booker*, 543 U.S. 220, 264 (2005), the Supreme Court made clear that sentencing courts should "consult [the Sentencing] Guidelines and take them into account when sentencing." *See also United States v. Biheiri*, 356 F.Supp.2d 589, 593 (2005) ("Justice Breyer's majority opinion in [*Booker*] sensibly teaches that the Sentencing Guidelines must still be taken into account pursuant to 18 U.S.C. § 3553(a) in fashioning an appropriate sentence."). The Supreme Court provided this direction to promote the sentencing goals of Congress, namely to "'provide certainty and fairness in meeting the purposes of sentencing, [while] avoiding unwarranted sentencing disparities[.]'" *Booker,* 543 U.S. at 264 (*quoting* 28 U.S.C. § 991(b)(1)(B)). The Fourth Circuit has provided the following guidance in the wake of *Booker*:

> A district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence.

*United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, sentencing courts must consider the factors outlined in 18 U.S.C. § 3553(a), including the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, and to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) and (B); *Biheiri*, 356 F.Supp.2d at 594.

### I.   **A Sentence of at least 210 Months Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the

sentence imposed to:  reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

### A.  Nature and Circumstances of the Offense

Applying these sentencing factors to the facts of this case demonstrates that a sentence of at least 210 months is appropriate and reasonable.   In this case, the defendant committed a clear violation of the law.  This law is in place to protect children.  Case law, as outlined below, has often examined the harm that child pornography causes to the victims, both when it is produced, and each time it is viewed.

Producing child pornography is a serious offense that causes grave harm to the children used to produce the images.  The harm to children depicted in child pornography was recognized years ago by the United States Supreme Court in New York v. Ferber, 458 U.S. 747, 758 (1982).  In Ferber, the Supreme Court noted that, in the judgment of state and federal legislators, as well as authors of relevant literature, "the use of children as subjects of pornographic materials is harmful to the physiological, emotional, and mental health of the child." Ferber, 458 U.S. at 758 (citations omitted).  The Ferber court also observed that the "[pornographic] materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation." Id. at 759 (citation omitted).  Furthermore, the court stated:

> Pornography poses an even greater threat to the child victim than does sexual abuse or prostitution.  Because the child's actions are reduced to a recording, the pornography may haunt [the victim] in future years, long after the original misdeed took place.  A child who has posed for a camera must go through life knowing that the recording is circulating within the mass distribution system for child pornography… It is the fear of exposure and the tension of

6

> keeping the act secret that seem to have the most profound emotional repercussions.

Id at 759 & n. 10 (citations omitted).

There is no question that the defendant's production of child pornography is a serious crime, that caused harm to the minor victims involved.   The United States submits that a sentence of at least 210 months incarceration is a reasonable punishment.

Further, it should be noted that, similarly situated defendants under the current Sentencing Guidelines face a much higher guidelines range.  As Probation Officer Quentin Lowe points out in paragraph 82 of the Presentence Investigation Report, under the current Sentencing Guidelines, the defendant would be an Offense Level 43 with a guideline of 360 months.

### B.  History and Characteristics of Defendant

The defendant's actions also make a sentence of at least 210 months appropriate for the purposes of punishment, deterrence, and protection of the public.  While, the Defendant has no prior convictions for child pornography or sexual abuse, he exploited his position of authority and trust as a teacher to sexually abuse the very young children in his care, and to produce his child pornography videos covertly.  This was not an isolated incident either, as there were at least eight DVDs discovered by law enforcment, each of which contained several video segments of child pornography that was produced by the defendant using the young children in his class.

Based on the nature of the defendant's crime and conduct, there is a compelling need to deter future similar conduct by him and other like-minded individuals with an interest in child pornography.  There is a strong need to stop the supply and demand in the child pornography market to protect children from being subjected to child sexual abuse for the camera.  There is

also a need to stop all minor victims from being re-victimized through the repeated viewing of the sexual abuse they endured. Further, the defendant needs to be kept away from children. He continued to teach young children from the time of the conduct in this offense until he was arrested, just a few months ago.

In addition, the United States recommends the maximum period of supervised release, which in this case is three years. This will reasonably ensure that the defendant does not commit this crime again upon his release.

## <u>CONCLUSION</u>

Therefore, for the above-stated reasons, the United States submits that a sentence of at least 210 months, followed by three years of supervised release is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Neil H. MacBride
United States Attorney

By:    ____/s/_____
       Alicia J. Yass
       Special Assistant U.S. Attorney (LT)
       United States Attorney's Office
       Eastern District of Virginia
       2100 Jamieson Ave.
       Alexandria, VA 22314-5794
       Phone: 703-299-3700
       Fax: 703-299-3980
       Email: alicia.j.yass@usdoj.go

8

## CERTIFICATE OF SERVICE

The United States hereby certifies that on April 12, 2013, it electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send a notice of

electronic filing (NEF) to the following:

Dickson J. Young
Jonathan Taylor Woodward
Whitestone Brent Young & Merril, PC
10513 Judicial Drive
Fairfax, Virginia 22030
Dickson.young@wbymlawfirm.com
Jon.woodward@wbymlawfirm.com


By:     /s/
        Alicia J. Yass
        Special Assistant U.S. Attorney (LT)
        United States Attorney's Office
        Eastern District of Virginia
        2100 Jamieson Ave.
        Alexandria, VA 22314-5794
        Phone: 703-299-3700
        Fax: 703-299-3980
        Email: alicia.j.yass@usdoj.gov

9